UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERICA YVONNE MARTIN,

        Plaintiff,

    v.

BRYAN MARTIN, SR.,

        Defendant.

No.  2:20-cv-2011-JAM-CKD (PS)

FINDINGS AND RECOMMENDATIONS

Before the court is plaintiff's motion for temporary restraining order.  (ECF Nos. 6.)  Also pending in this matter is plaintiff's motion for permission for electronic filing and plaintiff's motion to quash guardianship orders.  (ECF Nos. 7, 9.)  For the reasons below, the undersigned recommends denying plaintiff's request for a temporary restraining order and recommends that this action be dismissed for lack of subject-matter jurisdiction.

**I.  BACKGROUND**

This matter arises from a domestic dispute between pro se plaintiff Erica Martin and the "paternal grandfather of [her] children," Bryan Martin, Sr.  The allegations in the operative complaint are scarce.  Plaintiff alleges that defendant has harassed, threatened, stalked, and attacked her and her children, and that a stay-away order is necessary for plaintiff's protection.  Plaintiff attaches to the operative complaint police reports, as well as documents from what appears to be an ongoing state court guardianship dispute between plaintiff and defendant.  The

1

alleged basis for jurisdiction appears to be federal question, as plaintiff and defendant are alleged to reside in California; however, plaintiff does not clearly assert a federal cause of action. The operative complaint merely alleges a deprivation of due process under the Fifth Amendment and cites several provisions from state and federal penal codes. As relief, plaintiff asks the court to issue an order: (1) requiring defendant to "stay[] 200 feet away at all times," (2) requiring "that a mutual agreement stand requiring a third party for any contact further, as ordered in State Probate Court by Honorable Judge Allen;" (3) prohibiting defendant from using plaintiff or her family "in any more false claims, to collect financial gain, conceal, or for any other reason;" and (4) awarding plaintiff monetary relief. Plaintiff paid the filing fee in connection with her complaint, but to date it does not appear that defendant has been served.

On October 16, 2020, plaintiff filed an ex parte motion for a temporary restraining order. Like the operative complaint, the motion is difficult to interpret. Plaintiff cites several penal code provisions and alleges that absent a temporary restraining order against defendant, plaintiff and her three children "will suffer unwarranted annoyance, embarrassment, attackes [sic] oppression, or undue burden with expenses from the defendant(s) . . . ." Plaintiff declares under penalty of perjury that there is a likelihood of future violence based on defendant's recent conduct. Plaintiff attaches to the motion police reports and copies of state court documents, including what appears to be a temporary restraining order issued on August 28, 2020 against defendant by the Superior Court of California, County of Los Angeles, which was scheduled to expire at the end of a state court hearing that was set for September 22, 2020. The current status of the state court restraining order is unknown to this court and not made clear by the record.

On October 30, 2020, plaintiff filed a motion to quash defendant's state court guardianship orders. Plaintiff alleges that defendant made false claims to, and concealed information from, the state court. Plaintiff alleges that the motion to quash "is most appropriate to ensure a 4-year awaited justice to the children and family."

The undersigned will discuss plaintiff's pending motions below.

/////

/////

2

1    **II.    DISCUSSION**

2          Plaintiff has filed an ex parte motion for a temporary restraining order.  The motion does

3    not clearly and specifically set forth the relief requested, but the operative complaint requests an

4    order preventing defendant from coming within 200 feet of plaintiff or her three children.

5          A court may issue a temporary restraining order without notice to the adverse party only if

6    (1) "specific facts in an affidavit or a verified complaint" show that immediate and irreparable

7    injury will occur before the adverse party may be heard and (2) the movant's attorney certifies in

8    writing what efforts were made to give notice and the reasons why notice should not be required.

9    Fed. R. Civ. P. 65(b).  Here, plaintiff's filings do not suggest that plaintiff has made any effort to

10   serve defendant with notice of her restraining order request.  But plaintiff does make her motion

11   under penalty of perjury, and consequently, the undersigned concludes that she has satisfied the

12   requirements of Rule 65(b).  The court will therefore consider plaintiff's application for a

13   temporary restraining order on an ex parte basis.

14         The substantive standard for issuing a temporary restraining order is identical to the

15   standard for issuing a preliminary injunction.  See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush

16   & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001); Lockheed Missile & Space Co. v. Hughes Aircraft,

17   887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  A preliminary injunction is a matter of equitable

18   discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that

19   the plaintiff is entitled to such relief."  Winter v. Natural Resources Defense Council, Inc., 555

20   U.S. 7, 22 (2008).  A plaintiff seeking preliminary injunctive relief must establish "[1] that he is

21   likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of

22   preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in

23   the public interest."  Id. at 20.  Alternatively, an injunction could issue where "the likelihood of

24   success is such that serious questions going to the merits were raised and the balance of hardships

25   tips sharply in plaintiff's favor," provided that the plaintiff can also demonstrate the other two

26   Winter factors.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir.

27   2011).  Under either standard, the plaintiff bears the burden of making a clear showing on these

28   elements and on entitlement to the extraordinary remedy of preliminary injunctive relief.  Earth

3

1   Island Inst. v. Carlton, 626 F.3d 462, 469 (9th Cir. 2010).

2          The court finds that plaintiff's motion must be denied, and her complaint dismissed,

3   because she is unlikely to succeed on the merits of her claims due to a lack of subject matter

4   jurisdiction. Plaintiff's first amended complaint alleges subject matter jurisdiction based upon

5   federal question.[1]  (ECF No. 4.)  Although the complaint does not clearly identify the federal

6   claims raised, construed liberally, it makes reference to a Bivens claim and a claim under 42

7   U.S.C. section 1983.  (ECF No. 4 at 4.)

8          "Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of

9   subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ."  Snell

10  v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); Arbaugh v. Y&H Corp., 546 U.S. 500, 506

11  (2006).  "[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim

12  under the Constitution or federal statutes clearly appears to be immaterial and made solely for the

13  purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."

14  Bell v. Hood, 327 U.S. 678, 682–83 (1946).  If claims are wholly frivolous, district courts lack

15  subject matter jurisdiction to consider them.  Snegirev v. Sedwick, 407 F. Supp. 2d 1093, 1096

16  (D. Alaska 2006); see also Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363–64

17  (2d Cir.2000) (finding that district courts may dismiss frivolous complaints sua sponte even when

18  a plaintiff has paid required filing fee).

19         Here, plaintiff is attempting to reframe a domestic dispute as a civil rights action for the

20  purpose of obtaining federal jurisdiction.  The elements of a Bivens claim or section 1983 claim

21  are not apparent on the face of the complaint.  Defendant is not alleged to be a federal official or

22  have acted under color of state law.  On the contrary, plaintiff's allegations establish that this is a

23  family dispute between private parties, and that there is ongoing state court litigation concerning

24  the same issues alleged in the complaint.  Thus, plaintiff's federal claims appear to be wholly

25  insubstantial and frivolous, and they do not support the exercise of federal jurisdiction.  See

26  Poulos v. Caesars World, Inc., 379 F.3d 654, 662 (9th Cir.2004) (there is no jurisdiction where a

27

28  _____

[1] Diversity jurisdiction is not present on the face of the complaint, because both the plaintiff and defendant are alleged to reside in California.  Id. at 2-3.

1   claim "appear[s] to be immaterial and made solely for the purpose of obtaining jurisdiction" or is

2   "wholly insubstantial and frivolous.").  Consequently, the undersigned finds that plaintiff's claims

3   are unlikely to succeed on their merits because the court lacks jurisdiction to consider them.

4   **III.   LEAVE TO AMEND**

5           "A district court should grant leave to amend even if no request to amend the pleading

6   was made, unless it determines that the pleading could not possibly be cured by the allegation of

7   other facts."  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); see also Gardner v.

8   Marino, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to

9   amend when amendment would be futile).  Here, the facts alleged establish that the underlying

10  dispute is between private parties and does not concern civil rights violations by state or federal

11  officials.  As a result, any attempt to amend the complaint to assert a valid Bivens or section 1983

12  claim would be futile.  Plaintiff's claims should therefore be dismissed with prejudice and without

13  leave to amend.

14  **IV.   CONCLUSION**

15          Accordingly, IT IS HEREBY RECOMMENDED that:

16          1.      Plaintiff's first amended complaint (ECF No. 4) be dismissed with prejudice;

17          2.      Plaintiff's motion for temporary restraining order (ECF No. 6) be denied;

18          3.      Plaintiff's motion for permission to file electronically (ECF No. 7) be denied as

19                  moot;

20          4.      Plaintiff's motion to quash state court guardianship orders (ECF No. 9) be denied

21                  as moot; and

22          5.      The Clerk be directed to close this case.

23          These findings and recommendations are submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

25  days after being served with these findings and recommendations, any party may file written

26  objections with the court and serve a copy on all parties.  Such a document should be captioned

27  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

28  shall be served on all parties and filed with the court within fourteen (14) days after service of the

1   objections.  Failure to file objections within the specified time may waive the right to appeal the

2   District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>,

3   951 F.2d 1153 (9th Cir. 1991).

4   Dated:  November 3, 2020

5                                                                _____
                                                                 CAROLYN K. DELANEY
6                                                                UNITED STATES MAGISTRATE JUDGE

7

8

9   17.2011.dismiss

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28